IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             No. 04-20044-B

JIMMY HART,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO ALLOW ADDITIONAL CONDITIONS OF HOME CONFINEMENT

Before the Court is the August 24, 2005 motion of the Defendant, Jimmy Hart, to allow additional conditions of home confinement. Specifically, the Defendant seeks to be allowed to have more than sixty (60) hours a week for work during his period of home confinement. He states that he is employed as an emergency medical technician and occasionally must exceed the threshold as part of his employment. Furthermore, Hart claims that the probation officer has no objection to the permission being granted.

The government, in a response filed on September 9, 2005, opposes the motion based on the fact that such an alteration would give the Defendant the ability to be out of his house anytime during a twenty-four (24) hour period and that Hart has not provided any compelling reason to restructure a sentence even before he began serving it.

The Court requested the probation officer, Edward Shaw, to state the position of the probation office on the Defendant's request. The Court was reminded by Mr. Shaw that this district has a policy with regard to home confinement limiting outside activity of a person on

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 9-12-05

home confinement to sixty (60) hours per week, absent unusual circumstances. Furthermore, Mr. Shaw indicates that he does not support Hart's motion and requests that the Court require the Defendant's home confinement to be consistent with other persons similarly situated and consistent with current and past practices.

The Court notes that the Defendant was not incarcerated as a result to his admission to a violation of supervised release. Instead, the Court imposed on Hart home confinement along with a new term of one (1) year supervised release. Although the Court understands that the Defendant is employed and encourages Hart to continue with that employment, the Court does not believe that the Defendant has provided to it sufficient reasons for this district's policy to be altered for him.

Accordingly, for the reasons stated herein, the Defendant's motion to allow additional conditions of home confinement is DENIED.

**IT IS SO ORDERED** this 12th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 26 in case 2:04-CR-20044 was distributed by fax, mail, or direct printing on September 12, 2005 to the parties listed.

---

J. Patten Brown
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT